IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRIDE MOBILITY PRODUCTS CORPORATION, | : Case No.: 4:05CV807 : |
| Plaintiff | : Judge Jones |
| | : |
| v | : |
| | : |
| DEWERT MOTORIZED SYSTEMS, et al., | : : |
| Defendants | : |

**MEMORANDUM AND ORDER**

August 11, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for Leave to Amend Plaintiff's Complaint Pursuant to F.R.C.P. 15(a) ("the Motion") (doc. 41) filed by Plaintiff Pride Mobility Products Corp. ("Plaintiff" or "Pride Mobility") on July 21, 2005. For the reasons that follow, the Motion shall be granted.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On June 7, 2005, Defendant Allianz Global Risks US Insurance Company ("Allianz") filed a Motion to Dismiss Pursuant to Federal Rules 12(c) and 12(h)(2) (doc. 13). On June 28, 2005, the Court set a briefing schedule for the Motion to Dismiss. (Rec. Doc. 27). Subsequently, on July 13, 2005, the Court held a

1

telephonic conference call to address a dispute between the parties as to whether the excess policy of insurance issued by Allianz to its insureds, Phoenix Mecano, Inc. ("Phoenix Mecano") and Dewert Motorized Systems ("Dewert") ("Dewert/Phoenix Mecano excess policy") is relevant to the pending Motion to Dismiss and is therefore necessary to produce.  By Order of July 13, 2005, the Court directed Defendant Allianz to provide Plaintiff with the Dewert/Phoenix Mecano excess insurance policy within five (5) days of the date of the Order and instructed that within five (5) days of Plaintiff's receipt of the Dewert/Phoenix Mecano excess insurance policy, Plaintiff should either submit a brief in opposition to the pending Motion to Dismiss or in the alternative move to amend its complaint. (Rec. Doc. 39).

On July 21, 2005, Plaintiff filed the instant Motion.  The Motion is ripe for disposition.

**STANDARD OF REVIEW:**

Pursuant to Federal Rule of Civil Procedure 15(a), "leave to amend shall be freely given when justice so requires."[1]  Fed.R.Civ.P. 15(a).  According to the

---

[1]Federal Rule of Civil Procedure 15(a) provides:
  (a) Amendments.  A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

Third Circuit, leave to amend should be granted liberally; only in circumstances in which a "plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or [the amendment] fails to cure the jurisdictional defect," would a denial of leave to amend be properly entered.  Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000)(quoting Berkshire Fashions, Inc., M.V. Hauksan II, 954 F.2d 874, 886 (3d Cir. 1992))(additional citations omitted).

In addition to the foregoing, leave to amend may be denied if amendment would be futile.  Id. (citing Smith v. NCAA, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459(1999)).  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."  Id. (citing Berkshire Fashions, 954 F.2d at 886).

**DISCUSSION:**

In the Motion, Plaintiff states that on July 14, 2005, Defendant Allianz

---

Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

provided Plaintiff with a copy of the umbrella policy of insurance issued by Allianz to Dewert/Phoenix Mecano. (See Rec. Doc. 41, ¶ 20). Plaintiff's review of the umbrella policy reveals that its provisions afford insurance coverage to Plaintiff with respect to the Cervera action[2] and Plaintiff therefore moves for leave of Court pursuant to Federal Rule 15(a) to amend its complaint to allege that Allianz breached its contractual obligation to provide insurance coverage, defense, and indemnification to Plaintiff in the Cervera action under both the primary and umbrella policies of insurance issued by Allianz to Dewert/Phoenix Mecano. Id. ¶¶ 21-22. Plaintiff states that the requested amendment is in no way sought in bad faith, for the purpose of delay, and it will not unduly prejudice Allianz.

In response, counsel for Defendant Allianz filed a submission with the Court requesting us to dismiss Plaintiff's complaint with prejudice as it fails to state a cause of action upon which relief can be granted against Allianz, and as Plaintiff has failed to file a substantive opposition to Allianz's Motion to Dismiss. (See Rec. Doc. 44, ¶ 4).

We initially note that, as Plaintiff explained in its August 9, 2005 submission

---

[2] The instant case is an action for breach of contract and breach of insurance contract based upon the alleged failure and refusal of Dewert/Phoenix Mecano and Allianz to provide defense and indemnity to Plaintiff arising from the settlement of an action brought by the Cervera Plaintiffs in the 293rd Judicial District of Zavala County, Texas, against Pride Mobility, Crystal Drug Co., Inc., Phoenix Mecano Inc., and Kingstec Industries, Inc. ("Cervera action").

to the Court, our July 21, 2005 Order did not require that Plaintiff file a substantive brief in opposition to the pending Motion to Dismiss.  The Order clearly indicated that Plaintiff shall **either** file a brief in opposition to the Motion to Dismiss **or** shall move to amend its complaint.  (See Rec. Doc. 39, at 2).  Plaintiff filed the instant Motion to Amend in accordance with our prior Order, which obviates the need for Plaintiff to file a brief in opposition to the Motion to Dismiss.  Second, Allianz's assertion that arguments set forth in its Motion to Dismiss also apply to Plaintiff's proposed amended complaint. Assumes that we can jump to that conclusion without input from Plaintiff. We cannot do so. It is premature at this juncture for us to make this determination and it would involve the Court making an unnecessary and improper leap of faith.

After a careful review of the record, upon consideration of our July 13, 2005 Order, and pursuant to Fed.R.Civ.P. 15(a), we conclude that Plaintiff's Motion for Leave to Amend Complaint shall be  granted.  The Clerk is directed to file Plaintiff's Amended Complaint in the form attached to Plaintiff's Motion. Defendants shall answer or otherwise respond to Plaintiff's Amended Complaint in accordance with the Federal Rules of Civil Procedure.

Defendant Allianz's Motion to Dismiss is therefore dismissed without prejudice.  Any defendant, including Allianz, is free to interpose a motion to

dismiss the amended complaint which fully addresses any and all issues raised by Plaintiff in the amended complaint, and which will allow the Plaintiff to respond to any arguments raised.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Motion for Leave to Amend its Complaint Pursuant to F.R.C.P. 15(a) (doc. 41) is GRANTED.

2. The Clerk is directed to file the Amended Complaint in the form attached to Plaintiff's Motion (doc. 41, Ex. F).

3. Defendants shall answer or otherwise respond to Plaintiff's Amended Complaint in accordance with the Federal Rules of Civil Procedure.

4. Defendant Allianz's Motion to Dismiss (doc. 13) is dismissed without prejudice.

5. Any defendant, including Allianz, reserves the right to file a motion to dismiss the amended complaint.

                                            s/ John E. Jones III
                                            John E. Jones III
                                            United States District Judge