IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRIDE MOBILITY PRODUCTS CORPORATION, | : | Case No.: 4:05CV807 |
| | : | |
| Plaintiff, | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| DEWERT MOTORIZED SYSTEMS, ET AL., | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| PHOENIX MECANO, INC., | : | |
| | : | |
| Third Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ACE AMERICAN INSURANCE CO., ET AL., | : | |
| | : | |
| Third Party Defendants. | : | |

## MEMORANDUM AND ORDER

### July ___, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion to Dismiss Defendant Phoenix

Mecano, Inc.'s Third Party Complaint Presenting the Defense of Failure to State a

Claim ("the Motion") (doc. 117) filed by Third Party Defendant Kingstec

Industries, Inc. on April 19, 2006.  For the reasons that follow, we will grant the Motion.

**PROCEDURAL HISTORY:**

The Plaintiff, Pride Mobility Products Corporation ("Plaintiff" or "Pride"), filed a complaint in the Luzerne County Court of Common Pleas against Dewert Motorized Systems ("Dewert"), Phoenix Mecano, Inc. ("Phoenix"), and Allianz Global Risks US Insurance Company ("Allianz") arising out of a breach of contract, negligent misrepresentations, and the failure to defend and indemnify Pride in connection with the underlying action, Rodolfo M. Cervera, et al. v. Pride Mobility Corp., et al., Cause No. 02-05-10470-ZCV, 293rd Judicial District of Zavala County, Texas ("Cervera Litigation" or "Cervera Action").  On April 21, 2005, Allianz, Phoenix's insurer, removed this matter to the United States District Court for the Middle District of Pennsylvania.  On August 15, 2005, Pride filed an amended complaint against Phoenix, Allianz, and Dewert.

On September 2, 2005, Phoenix was granted leave of court to file a third party complaint against Wright-Gardner Insurance Company ("Wright-Gardner"), Kingstec Industries, Inc. ("Kingstec"), Steadfast Insurance Company ("Steadfast"), Royal Indemnity Company ("Royal"), and Ace American Insurance Company ("ACE").  (Rec. Doc. 54).  Phoenix filed its third party complaint on September 2,

2005.[1]  (Rec. Docs. 55-57).

On June 30, 2006, Pride, Westchester, Steadfast, Royal, Phoenix, Allianz, Wright-Gardner, and Kingstec stipulated and agreed to terms contained in a Stipulation and Agreement ("Agreement"), which was filed under seal with the Court.  (Rec. Docs. 139, 143).  As a result of the Court approving the Agreement on July 12, 2006, Phoenix's third party complaint against Westchester, Royal, and Steadfast (doc. 57) was dismissed without prejudice, the Motions to Dismiss filed by Westchester (doc. 62), Royal (doc. 66), and Steadfast (doc. 68) were denied as moot, Phoenix's Motion for Joinder of Pride's Insurers as Necessary Party Plaintiffs and Real Parties in Interest (doc. 78) was denied as moot, Wright-Gardner's Motion for Leave to file Third-Party Complaints against Westchester, Royal, and Steadfast (doc. 118) was denied as moot, and Westchester and Steadfast have been joined and will be named as party Plaintiffs in an amended complaint. (Rec. Doc. 139 at 9, Rec. Doc. 147).

On July 12, 2006, the Court held telephonic oral argument on the Motion, which has been briefed by the parties.  The Motion is therefore ripe for disposition.

---

[1] We note that Phoenix mistakenly referred to Westchester Surplus Lines Insurance Company ("Westchester") as ACE in its third party complaint.  (Rec. Doc. 64 at 2).  As submitted by ACE in its previously filed Motion to Dismiss Phoenix's third party complaint with Donald R. Hunter's supporting affidavit attached, ACE did not provide excess insurance to Pride.  The ACE Group of Companies provided excess insurance to Pride under insurance issued by Westchester, not ACE American.  (Rec. Doc. 62).

**FACTUAL BACKGROUND:**

We initially note that the Cervera Litigation is a product liability case brought against Pride and others by the Estate of Manuela Cervera and involved an alleged defective electric lift chair manufactured by Pride.  On March 2, 2002, a Pride lift chair allegedly caught fire and Manuela Cervera was fatally injured as a result.  The chair incorporated an electrical motor and associated electrical supply and control circuits that were manufactured and sold by Phoenix.  On February 3, 2003, Pride filed an amended third party complaint joining Phoenix in the Cervera Litigation as the potentially liable party.  Shortly thereafter, the Cervera plaintiffs filed an amended complaint to include Phoenix as a defendant as well.  Prior to trial, and after several mediation sessions, Pride settled the Cervera Litigation.  The settlement was paid by Steadfast, Royal, and Westchester pursuant to their insurance policies with Pride.  Phoenix refused to contribute to the settlement.  As a result of the settlement, the Cervera Litigation was dismissed in its entirety.

In its amended complaint against Dewert, Phoenix, and Allianz, Pride asserts that Phoenix agreed to add Pride as an additional insured under its policy with Allianz, and, in fact, had represented that it had done so by forwarding an Accord Certificate indicating that Pride was an additional insured under Phoenix's commercial general liability ("CGL") policy.  In that regard, Pride alleges that Phoenix, who manufacturers, assembles, and sells the motorized linear actuator used in Pride's electric lift chairs, had contractually undertaken to obtain insurance

4

coverage for Pride and to indemnify Pride "with respect to all products and services supplied by" Phoenix.  (Am. Comp. ¶¶ 35, 43-45).  Plaintiff alleges that in January 2003, however, Phoenix advised Pride that Allianz did not issue the additional insured endorsement and would not be providing Pride with defense or indemnity for the <u>Cervera</u> claims.  Accordingly, Pride alleges that Phoenix misrepresented to Pride that it would have Pride named as an additional insured on Phoenix's insurance policy to protect Pride from claims made against it as a result of claims arising from Phoenix's products and services.  <u>Id.</u> at ¶¶ 67-70, 76-77.  Following its settlement of the <u>Cervera</u> Litigation with the assistance of its insurers, Steadfast, Royal, and Westchester, Pride sought to recover from Phoenix, Dewert, and Phoenix for their alleged breach of contract and misrepresentations.

In the amended complaint, Pride has asserted breach of contract claims against Phoenix, Allianz, and Dewert.  Pride seeks damages for Phoenix's alleged breach of contract arising from its failure to name Pride as an additional insured under its CGL policy and its failure to defend and indemnify Pride in the <u>Cervera</u> Litigation.  Pride seeks damages from Allianz for its alleged breach of contract and fiduciary duties owed to Pride as an additional insured.  Pride also filed negligent misrepresentation claims against Phoenix and Dewert in connection with the same alleged misconduct.

As we previously noted, on August 29, 2005, Phoenix sought leave of court to file a third party complaint against Pride's insurers, Steadfast, Royal, and

5

Westchester, as well as against Wright-Gardner and Kingstec.  The Court granted

leave on September 2, 2005.  (Rec. Doc. 54).  We initially note that the third party

complaint alleges that Steadfast, Royal, and Westchester owed Phoenix a duty of

care to prepare and direct the defense and settlement of the <u>Cervera</u> Litigation on

behalf of their insured, Pride, in a manner that was beneficial to Phoenix.

According to Phoenix,

> This duty arose because, *inter alia*, it was reasonably foreseeable that
> Pride and/or one or more of Pride's insurers might or would seek to
> recoup from Phoenix, or some other vendor of Pride, through
> subrogation some or all of any judgment or settlement payments made
> to the Plaintiffs in the Cervera Action and that the competency of the
> defense and settlement negotiations resulting in any judgment or
> settlement payments made would be directly related to the amount of
> the obligations that Pride and its insurers, as subrogated parties, would
> seek to impose on Phoenix, or any other such alleged vendor.

Rec. Doc. 57 at ¶ 17.

In its third party complaint against Kingstec, Phoenix alleges that Kingstec

supplied Pride with an allegedly defective pendent handset controller that Pride

incorporated, in Pennsylvania, into the Pride lift chair which was allegedly

implicated in the fire that formed the basis for the <u>Cervera</u> Litigation.  Phoenix

asserts that Kingstec, not Phoenix, was responsible for overseeing and ensuring the

design, manufacture, assembly, and testing of the component parts of the hand

controller (pendent unit) including the plastic housing, material, power circuitry

and the pendent unit itself that operated the TMR 48 lift chair alleged to be the

6

subject of the <u>Cervera</u> Litigation.  Phoenix maintains that any defect in the Pride chair lift was the direct result of Kingstec's actions and not the actions of Phoenix. Phoenix asserts that in the event that Pride can successfully assert any liability against Phoenix, then Phoenix is entitled to be indemnified by Kingstec for all sums for which Phoenix may be found to owe Pride.  Phoenix has also brought a contribution claim against Kingstec.  (Rec. Doc. 56).  Phoenix alleges that because no court has found that any actuator assembly or related component assembled, designed or supplied by Phoenix is defective, deficient, dangerous, or in any way any cause of the fire that formed the basis for the <u>Cervera</u> Action, "any liability which Phoenix may be found to owe Pride, even though all such liability is denied by Phoenix, should not be an indemnity liability but rather at most only a proportionate share of a common liability."  <u>Id.</u> at ¶ 23.

## STANDARD OF REVIEW:

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations.  <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see</u> <u>also</u> <u>White v. Napoleon</u>, 897 F.2d 103, 106 (3d Cir. 1990).  In <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore,

"a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

## DISCUSSION:

In the Motion, Kingstec asserts that a review of Pride's amended complaint reveals that causes of action against Phoenix and Dewert are limited to breach of a specific written contract which required Phoenix and Dewert insure that Pride would become an additional insured under the liability policy issued by Allianz and that both Phoenix and Dewert breached the written obligation to indemnify contained Pride's purchase orders.  (Kingstec's Br. Supp. Mot. Dismiss at 6). Moreover, Kingstec argues that Pride's amended complaint makes no claim for contribution or indemnification against Phoenix or Dewert based upon such parties' negligence, strict liability or breach of warranty which allegedly caused a defect in the lift chair.  Kingstec submits that there is no allegation in Phoenix's third party complaint against Kingstec that Kingstec was a party to the contracts between Phoenix/Dewert and Pride, nor is there any allegation that Kingstec made any representations to Pride regarding the naming of Pride as an additional insured of Phoenix's insurer, Allianz.  Accordingly, Kingstec maintains that since Phoenix, Dewert, and Allianz were sued either on breach of contract or misrepresentation of the existence of a future contract, Kingstec cannot be a joint tortfeasor with

8

Phoenix and therefore Phoenix does not have any right to contribution against it on the claim filed by Pride.  Kingstec additionally contends that no right of indemnification to Phoenix arises as there is no allegation that Kingstec had a contractual obligation to indemnify Phoenix.

In response, Phoenix argues that a "reasonable" reading of the amended complaint, Phoenix's third party complaint, and the documents and evidence underlying Pride's theories of liability, reveal that dismissal of the third party complaint is not warranted.  Phoenix argues that Pride's amended complaint alleges that Phoenix's product was defective.  Phoenix maintains that Kingstec's reading of Pride's amended complaint and the third party complaint is overly simplistic and that a close read of Pride's amended complaint along with the evidence on which Pride's theories of liability are based, show that Pride is making a claim against Phoenix for breach of an obligation to indemnify based upon an alleged failure by Phoenix to provide component parts, free from defect.  Phoenix additionally directs the Court to Plaintiff's causation expert in the <u>Cervera</u> Action who determined that the component part of the Pride lift chair manufactured by Kingstec was defective.  Phoenix argues that to the extent it can be held liable to Pride or its insurers for reimbursement of payments made in settlement of the <u>Cervera</u> Action, Kingstec must also be held responsible, either as an indemnitor because its product was the source of the fire or as a contributor because, at a minimum, it was a joint tortfeasor in producing and distributing a defective component part that was a

9

cause of the fire.  Finally, Phoenix maintains that Kingstec should remain a third

party defendant because Plaintiff's theories of liability are not yet settled and final

and alternatively that we should defer ruling on the Motion until the parties have

taken discovery.

As Kingstec accurately submits, subsequent to the filing of Pride's amended

complaint, Phoenix filed a Motion for Leave to File a Third Party Complaint

against Kingstec and alleged the following in that Motion:

> Defendant submits that its third-party claims against proposed third-party defendant Kingstec arise out of the same transactions and occurrences as are the subject of this action brought by Pride and will present common issues of law and fact with those issues already in controversy in this action.

Rec. Doc. 52 at ¶ 12.  After the Court issued an Order granting Phoenix's Motion,

Phoenix filed a third party complaint against Kingstec pursuant to Fed.R.Civ.P.

14(a), which provides as follows:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action <u>who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff</u>.

Fed.R.Civ.P. 14(a) (emphasis added).

A careful review of Phoenix's third party complaint brought pursuant to

Federal Rule 14(a), and taking Phoenix's allegations in the third party complaint as

true, as well as giving Phoenix the benefit of every favorable inference raised by

such allegations, as we must at this juncture, we find that Phoenix seeks recovery from Kingstec based upon alleged rights of contribution and/or indemnity, where no such rights exist, for the reasons that follow.

First, we note that under Pennsylvania law, a right to contribution arises only amongst joint tortfeasors.  <u>Kemper Nat'l P & C Cos. v. Smith</u>, 615 A.2d 372, 380 (Pa. Super. Ct. 1992); <u>Foulke v. Dugan</u>, 212 F.R.D. 265, 270 (E.D. Pa. 2002).  As the Supreme Court of Pennsylvania and the Third Circuit Court of Appeals have explained, contribution comes into force when one joint tortfeasor has discharged a common liability or paid more than its share of such liability, in which case the joint tortfeasor is entitled to reimbursement from the other tortfeasors to the extent that its payment exceeded its own liability.  <u>ExxonMobil Oil Corp. v. Lucchesi</u>, 2004 U.S. Dist. LEXIS 14650, at *7 (E.D. Pa. 2004).  In Pennsylvania, joint tortfeasors are defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property whether or not judgment has been recovered against all or some of them."  42 Pa. Cons. Stat. § 8322 (2005).  To be joint tortfeasors, "parties must either act together in committing a wrong, or their acts, if independent of each other, must unite in causing a single injury."  <u>IAP Worldwide Servs. v. UTi United States, Inc.</u>, 2006 U.S. Dist. LEXIS 4766, at *43 (E.D. Pa. 2006); <u>see</u> <u>also</u> <u>United States SBA v. Progress Bank</u>, 2004 U.S. Dist. LEXIS

25963, at *32-33 (E.D. Pa. 2004).

After a careful review of Pride's amended complaint, we are in agreement with Kingstec that Pride's causes of action asserted are limited to breach of contract, specifically the June 25, 2005 letter agreement between Pride and Dewert which allegedly required Phoenix/Dewert to obtain public liability insurance for Pride. Pride's breach of contract action against Phoenix specifically alleges that Phoenix failed to include Pride as an additional insured on the insurance contract issued by its liability insurer, Allianz. Pride's cause of action against Phoenix is based upon its subsidiary, Dewert's failure to obtain liability insurance as well as the misrepresentation that insurance coverage would be or had been supplied.

Moreover, once again taking all of Phoenix's allegations in the third party complaint against Kingstec as true, and giving Phoenix the benefit of every favorable inference raised by such allegations, as we must at this juncture, there is no indication in the third party complaint brought against Kingstec that Kingstec was a party to the June 25, 2001 agreement between Pride and Dewert or that any action that Kingstec took or failed to take caused Phoenix to allegedly breach such agreement. In addition, Phoenix does not assert that it was a tortfeasor or a joint tortfeasor with Kingstec. Accordingly, a careful review of the allegations contained in Pride's amended complaint and the allegations contained in Phoenix's

third party complaint reveal that Kingstec is not alleged to be a joint tortfeasor, nor could it be a joint tortfeasor with regard to the allegations as set forth in Pride's amended complaint.

That being said, it is important to additionally note that Pride has not brought a subrogation action as there is no allegation in Pride's amended complaint that it is entitled to contribution or indemnification from Phoenix as a result of any claim for negligence, strict liability or breach of warranty regarding any of the component parts allegedly supplied to Pride and incorporated into the lift chair at issue in the <u>Cervera</u> Action.  Moreover, Pride admitted in submissions to the Court that the above-captioned action is not a subrogation action, nor is Pride attempting to prove liability in the underlying <u>Cervera</u> Action.  Rather, Pride has asserted a breach of contract action based upon its alleged loss sustained.  (<u>See</u> Rec. Doc. 96).


Therefore, taking Phoenix's allegations in the third party complaint against Kingstec as true, and giving Phoenix the benefit of every favorable inference raised by such allegations, such allegations do not and cannot establish any right to contribution from Kingstec.

Second, with regard to Phoenix's claim of indemnification against Kingstec, we initially note that under Pennsylvania law indemnification serves as a method

13

for fault shifting to a third party where the party legally obliged to pay damages caused by another is without fault but for its legal status.  See Unique Technologies, Inc. v. Micro Stamping Corp., 2003 U.S. Dist. LEXIS 12060, at *7 (E.D. Pa. 2003).  The right of indemnification arises when there is a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party.  ExxonMobil Oil Corp., 2004 U.S. Dist. LEXIS at *7.  "In such a case, the party that is secondarily liable may seek complete reimbursement from the party that is primarily liable for any damages the first-mentioned party has paid."  Id.  Moreover, indemnity is a right which enures to a person who, without active fault on his own party, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable.  Id. at *7-8.

We are in agreement with Kingstec that Phoenix does not allege that there exists a contract of indemnity as between Phoenix and Kingstec.  Additionally, taking Phoenix's allegations in the third party complaint against Kingstec as true, and giving Phoenix the benefit of every favorable inference raised by such allegations, we find that no allegations support a claim for indemnification based upon primary and secondary liability.

14

Accordingly and in summary, neither the allegations in Pride's amended complaint, nor the allegations in Phoenix's third party complaint support an action for contribution based upon joint and several liability, nor are there any factual allegations which would support Phoenix's claims for indemnification as against Kingstec.  In addition, although Phoenix argues that Pride's amended complaint alleges that Phoenix's product was defective, we find that Pride's amended complaint against Phoenix makes no allegation that it seeks contribution or indemnification from Phoenix as a result of any defect in the products supplied by Phoenix to Pride.  No fair reading of the allegations contained in Pride's amended complaint would support the conclusion that Pride is attempting to recover against Phoenix based upon Phoenix's supply of defective component parts.  Rather, it is clear to us that the reference to a defective product was by way of providing appropriate background, and not as the fulcrum of Pride's claims against Phoenix.

Finally, in its submission and in argument before the Court, Phoenix places emphasis upon the fact that Kingstec was dismissed from the <u>Cervera</u> Action because the Texas court lacked personal jurisdiction, thus, the parties were denied the opportunity to take discovery from Kingstec in the <u>Cervera</u> Action.  Phoenix argues that it should be given the opportunity to take discovery from Kingstec, particularly in light of the fact that the testimony of a <u>Cervera</u> expert witness

15

opined that a component part of the lift chair manufactured by Kingstec was defective and such defect caused the subject fire.  (Rec. Doc. 133 at 6-9). Accepting Phoenix's position as true that Kingstec's hypothetical proportionate liability in the Cervera Action must be established in order to offset Phoenix's potential liability, for purposes of this Motion, Phoenix reserves the right to seek discovery from Kingstec as a non-party to this action.[2]  While it may be unfortunate that Phoenix's ability to receive discovery from Kingstec as a non-party may be impaired by Kingstec's presence outside of the United States, the Court cannot decide the pending Motion solely based upon Phoenix's potential difficulties in seeking discovery.  Put another way, the need for discovery does not in this case a cause of action create.  We can envision no circumstances in which discovery will reveal a proper basis for Kingstec to remain a third party defendant in this action, nor has Phoenix's counsel supplied us with such a basis.

Therefore, Kingstec's Motion to Dismiss is granted.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.  Kingstec Industries, Inc.'s Motion to Dismiss Defendant, Phoenix Mecano, Inc.'s Third Party Complaint Presenting the Defense of Failure to State a Claim (doc. 117) is GRANTED.

---

[2] Moreover, it is quite clear to the Court that considerable discovery was conducted in the Cervera Action, including but not limited to expert evaluations and deposition testimony.  In that regard and as noted, Phoenix directs the Court to the opinion of the plaintiffs' primary expert engineer, Judd Clayton, who provided a causation opinion potentially implicating products manufactured by Kingstec.

2.    Phoenix's third party complaint against Kingstec (doc. 56) is

dismissed as it fails to state a claim upon which relief can be granted.


<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge